CLARENCE E. McMANUS, Judge.

\ STATEMENT OF THE CASE

Scott Gumina was a professional athlete with the New Orleans Saints football team in 1999. He was allegedly injured during practice on August 22, 1999 in Lacrosse, Wisconsin. He claims he noticed a pain in his lower abdomen during football drills and suffered from a hernia. He claims he reported the injury to the athletic trainer on August 23, 1999 and sought medical treatment with Dr. Eric Carson at LSU Medical Center.
Gumina filed a Disputed Claim for Compensation with the workers’ compensation court on November 5, 1999. He sought wage benefits, authorization for medical treatment, penalties and attorneys fees. The Saints and the Louisiana Workers’ Compensation Corporation filed an Answer and General Denial on February 10, 2000. Gumina filed an Amended Disputed Claim for Compensation on October 4, 2001 seeking supplemental earnings benefits and disputing the constitutionality of La. R.S. 23:1225(D). Gumina then filed an Unopposed Motion to Recognize the Constitutionality Dispute of La. R.S. 23:1225(D) and to Transfer the Claim to the 24th JDC because the workers’ compensation court lacked jurisdiction to decide the constitutionality issue.
|sOn January 11, 2002, the workers’ compensation court signed an order transferring the case to the 24th JDC. Then on February 5, 2004, Gumina filed a motion to return the matter to the trial docket stating that the matter had never been transferred and the record had never been sent to the 24th JDC, so the 24th JDC never acquired jurisdiction. Gumina requested that the matter be returned to the workers’ compensation court’s docket. The workers’ compensation court signed an order on February 5, 2004 returning the matter to its trial docket. The matter was set for trial on January 14, 2005 before the workers’ compensation court.
Pre-trial memorandums were submitted and Gumina argued that he was entitled to indemnity and supplemental earnings benefits, medical expenses, penalties for failure to timely pay benefits and expenses, attorney’s fees and interest. Gumina argued he was injured on August 22, 1999 while involved in a drill and got into an awkward position and sustained a hyperex-tension injury to his great toe and had to suspend full activity. Gumina claims three weeks later he attempted to resume athletic activity and noticed a pain in his right groin or lower abdomen. Later medical evaluations revealed an inguinal hernia on the right side. Gumina claims the hernia had first occurred when he injured his toe on August 22, 1999 and got progressively worse thereafter. He was terminated on September 6,1999.
Gumina argued in his memorandum that his employer, the New Orleans Saints, had denied payment of benefits to him based on La. R.S. 23:1225(D) and 23:1021(12), which had been repealed by Act 561 in 2004. Gumina attached to his pre-trial memorandum a copy of a Judgment from *1022 the District 6 workers’ compensation court in Dombrowski v. New Orleans Saints, dated December 9, 2004, in which the court found the Saints liable for payment of supplemental earnings benefits, medical expenses, mileage, penalties, and attorney’s fees. The |4court in Dombrowski found that the 2004 Act was intended to cure and remedy past ills created by La. R.S. 23:1225(D). Since the statute was curative, the court found no specific statement of retroactivity was needed. Therefore, the 2004 repeal of La. R.S. 23:1225(D) means the collective bargaining agreement provisions apply as if La. R.S. 23:1225(D) never existed.
On January 13, 2005, counsel for the parties stated in open court that they agreed to stipulate to the evidence to be considered by the court and exhibits were introduced into evidence. The parties were also given the opportunity to submit post-trial memorandums. Gumina submitted a post-trial memo. In that memo he states that counsel for both parties met in pre-trial conference on January 13, 2005 and the Court indicated that the credit issue provisions of the compensation statute recently repealed by Act 561 of 2004 were not at issue. Gumina’s attorney admits that, although this conference is not presented as evidence, the evidence presented at trial does prove that the credit issue does not apply to Gumina’s case. Therefore, his post-trial memo goes on to address the issues of the denial of benefits and the amount of his average weekly wage. Counsel for the Saints submitted a post-trial memo which only addressed the issue of the average weekly wage.
The workers’ compensation court issued a written judgment on April 8, 2005 dismissing Gumina’s claims with prejudice. The workers’ compensation court found that the facts in evidence do not support Gumina’s version of the events surrounding the alleged injuries and he failed to prove by a preponderance of the evidence, according to La. R.S. 23:1221(4)(r), that he sustained an inguinal hernia arising out of the course and scope of employment with the Saints. Gumina now appeals this judgment.
I ¿DISCUSSION
Gumina appeals the workers’ compensation court’s judgment dismissing his claims with prejudice. The workers’ compensation court found that Gumina had not proven he had sustained an inguinal hernia in accordance with La. R.S. 23:1221(4)(r). La. R.S. 23:1221(4)(r) provides:
In all claims for inguinal hernia, it must be established by a preponderance of the evidence that the hernia resulted from injury by accident arising out of the course and scope of employment; that the accident was reported promptly to the employer, and that the employee was attended by a licensed physician within thirty days thereafter.
Review of the workers’ compensation court findings of fact is governed by the manifest error or clearly wrong standard. Smith v. Louisiana Dept. of Corrections, 93-1305 (La.2/28/94), 633 So.2d 129, 132. A court of appeal may not overturn a judgment of the workers’ compensation court absent an error of law or a factual finding which is manifestly erroneous or clearly wrong. Barber Bros. Contracting Co. v. Cuccia, 98-0675 (La.App. 1 Cir. 4/1/99), 734 So.2d 820.
On appeal, Gumina addresses the issue of whether or not the credit issue applies to his case. Gumina’s post-trial memo filed with the workers’ compensation court indicated that counsel for both parties met in a pre-trial conference and the court had indicated that the credit issue provisions that had been repealed were not at issue. Further, the workers’ compensation court’s judgment does not rule on the is *1023 sue, but only finds that Gumina did not sustain an injury during the course and scope of his employment with the Saints. Gumina further argues on appeal that he is entitled to SEB payments, as well as, penalties and attorney’s fees for the Saints failure to pay him weekly benefits and medical expenses.
| fiWe agree with the trial court’s finding that Gumina did not suffer an injury during the course and scope of his employment. We find that Gumina has not provided any information which would warrant, nor does the record warrant, a finding that the trial court erroneously found he did not suffer a hernia injury while in the course and scope of his employment with the Saints. Further, the issue of the credit provision was addressed in a pre-trial conference and the court indicated it was not an issue. Finally, since we find that Gumina did not suffer a work related injury and is not entitled to workers’ compensation benefits, we also find he is not entitled to penalties and attorney’s fees for the Saints failure to pay him those benefits and medical expenses.
Accordingly, we affirm the trial court’s judgment finding that Gumina did not suffer an injury during the course and scope of his employment with the Saints and dismissing his workers’ compensation claim.

AFFIRMED.